UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIVONIA EMPLOYEES' RETIREMENT SYSTEM,

        Plaintiff,         Case No. 16-cv-12229

v.         Honorable Thomas L. Ludington

TALMER BANCORP, INC., ET AL.,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT LEAD COUNSEL AND PROCEED AS LEAD PLAINTIFF**

On August 16, 2016, Plaintiff Livonia Employees' Retirement System ("Livonia") filed a motion to proceed as lead plaintiff and for Livonia's counsel to be approved as lead counsel. ECF No. 18. On September 6, 2016, Livonia filed a notice that its motion to proceed as lead counsel was unopposed. On September 8, 2016, the parties submitted a stipulated proposed order requesting an extension of the deadline for Defendants to file an answer until 45 days after appointment of a lead plaintiff. Livonia's motion to appoint lead counsel and proceed as lead plaintiff will be granted.

**I.**

Livonia's complaint characterizes this suit as a shareholders securities class action lawsuit brought against Defendants Talmer Bancorp ("Talmer"), Talmer Bancorp's Board of Directors, and Chemical Financial Corporation ("Chemical"). Compl. at 1, ECF No. 1. Livonia is a shareholder of Talmer. *Id.* Livonia is bringing suit because Talmer Bancorp and Chemical Financial Corporation have agreed to enter into a proposed acquisition whereby Chemical will acquire Talmer. *Id.* at 2–3. Livonia alleges that Defendants disseminated a false and misleading

proxy in violation of § 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9. *Id.* at 45–46. Livonia also alleges that the individual Defendants and Chemical are liable as controlling persons of Talmer pursuant to §20(a) of the Securities Exchange Act of 1934. *Id.* at 47–49. Livonia further alleges that the action is brought on behalf of a class of all Talmer's public shareholders and that class certification is appropriate. *Id.* at 44–45. Finally, Livonia has attached a sworn certification to the Complaint pursuant to 15 U.S.C. § 78u-4(a)(2)(A). Cert., ECF No. 1, Ex. 1.

**II.**

The procedure for appointment of a lead plaintiff in a private securities action is outlined in 15 U.S.C. § 78u-4(a)(3). Pursuant to § 78u-4(a)(3)(A)(i), the plaintiff who files the complaint must publish a notice of the action in a "widely circulated national business-oriented publication or wire service" within 20 days after the complaint is filed. Any member of the purported class may then move to serve as lead plaintiff "not later than 60 days after the date on which the notice is published." *Id.* at (a)(3)(A)(i)(II). Within 90 days of the date when notice was published, the court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* at (a)(3)(B)(i). Further, "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons" that

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* at (a)(3)(B)(iii)(I).

That presumption may be rebutted only by proof provided by another member of the purported plaintiff class that the presumptive lead plaintiff either will not fairly and adequate protect the class interests or is subject to unique defenses that makes the plaintiff incapable of adequately representing the class. *Id.* at (a)(3)(B)(iii)(II).

In short, if the moving party has the largest financial interest in the litigation and makes a prima facie showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23, the court must deem that party the lead plaintiff. *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005). Appointment of lead counsel occurs separately from and is reviewed under a different standard than class certification. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 286 (S.D.N.Y. 2003). Class certification almost always occurs later. *Id.* Once appointment of lead counsel has occurred, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Because Livonia satisfies the three requirements of § 78u-4 (a)(3)(B)(iii)(I), Livonia is the presumptive lead plaintiff. And because the time for other class members to move for appointment as lead plaintiff has passed, that presumption is unrebutted. Accordingly, Livonia will be appointed lead plaintiff.

First, Livonia is the party that filed the complaint and sworn class certification. Likewise, Livonia filed a notice of the proposed class action in PR Newswire, a national wire service, on June 17, 2016. ECF No. 18, Ex. A. Thus, Livonia filed notice of the proposed class action the day after the complaint was filed and did not file the motion to be appointed as lead plaintiff until August 16, 2016, when the 60 day period for other class members to move for appointment as

lead counsel had lapsed. Accordingly, Livonia has complied with all procedural requirements and the first element of § 78u-4 (a)(3)(B)(iii)(I) is satisfied.

Second, Livonia argues that it has the largest financial interest in the relief sought. Generally, the plaintiff with the largest number of shares held is considered to have the largest financial interest. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009). Plaintiff asserts that in its sworn certification that it holds 15,501 shares of Talmer stock, which are worth approximately $347,000 under the proposed merger. Mot. Appt. at 11, ECF No. 18. Livonia further attests that, to the best of its knowledge, no other potential plaintiffs have a larger financial interest. Because no other parties have moved to be appointed as lead plaintiff, Livonia is, by definition, the candidate with the largest financial interest. There is no reason to think that other class members have a greater financial interest. The second element of § 78u-4(a)(3)(B)(iii)(I) is satisfied.

Finally, Livonia argues that it has made a prima facie case that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). "To be typical, a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976). The adequacy requirement is satisfied when the representative has "common interests with unnamed members of the class" and it appears that the "representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 525. Livonia's claims arise out of the proposed merger between Talmer and Chemical. Livonia's claims appear

to allege all injuries that any Talmer shareholder would have suffered under the proposed merger: misleading proxy statements, an unfair sales process, and a proposed acquisition price that undervalues Talmer. Because Livonia's claims are based on the same legal theories as the claims other class members would presumably bring, Livonia has made a prima facie case that it satisfies the typicality requirement. Livonia's financial interest in the merger is sufficiently large to ensure that Livonia is incentivized to represent the class of Talmer stockholders. In short, Livonia's interests appear to be aligned with those of the class, it has the largest known financial interest in the suit, and there is no evidence that Livonia is subject to any conflicts between its interests and those of other class members or that Livonia is subject to any unique defenses. Accordingly, all three requirements of § 78u-4(a)(3)(B)(iii)(I) are satisfied here, and Livonia is the presumptive lead plaintiff. Livonia is the only candidate for lead plaintiff, and there is no reason to disregard the presumption that Livonia will be an effective lead plaintiff. *See Reese v. Bahash*, 248 F.R.D. 58, 63 (D.D.C. 2008). Livonia will be appointed as lead plaintiff.

Further, Livonia's motion to have its counsel appointed as lead class counsel will be granted. The lead plaintiff may select lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "[A] court is encouraged to refrain from interfering with the choice of the "lead counsel" unless it is necessary to "protect the interests of the class." *Haase v. GunnAllen Fin., Inc.*, No. 08-10927, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) (quoting § 78u–4(a)(3)(B)(iii)(II)(aa)). Livonia's counsel, Robbins Geller, is a well-known firm with extensive experience in complex securities litigation. Livonia's choice of counsel will protect the interests of the purported class. Accordingly, Robbins Geller will be appointed as lead class counsel.

**III.**

On September 8, 2016, the parties submitted a proposed stipulated order requesting that Defendants' time to file a response to Livonia's complaint be extended. Because the deadline for Defendants' answer passed while the motion for appointment of lead counsel was pending, the Court intends to extend Defendants' time to file a response. The Court will approve the stipulated proposed order once Defendants file an appearance and thus confirm their authority to act on behalf of Defendants. After Defendants have filed an appearance on the docket, the parties should submit a new proposed stipulated order extending Defendants' time to file an answer.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's motion for appointment of lead plaintiff and lead counsel, ECF No. 18, is **GRANTED.**

It is further **ORDERED** that Plaintiff Livonia Employees' Retirement System is **APPOINTED** as lead plaintiff.

It is further **ORDERED** that Plaintiff's counsel, Robbins Geller, is **APPOINTED** as lead counsel.

Dated: September 14, 2016                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager